IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KAREN GASCON,

    Plaintiff,

v.

KAISER PERMANENTE,

    Defendant.

No. C 19-05412-WHA

**ORDER DISMISSING COMPLAINT**

## INTRODUCTION

In this action for discrimination and retaliation under Title VII, plaintiff has filed an in forma pauperis application and complaint. A separate order granted plaintiff's application to proceed in forma pauperis. For the reasons set forth below, this order finds the complaint does not comply with 28 U.S.C. § 1915 and is therefore **DISMISSED**.

## STATEMENT

Kaiser Permanente hired Karen Gascon in or around November 2012. In May 2016, Rebecca Tran, a Kaiser human resources consultant, allegedly asked Gascon to resign or otherwise be terminated. Gascon requested a grievance procedure, but none took place. Thereafter, Tran allegedly entered into a verbal agreement with Gascon in which she agreed that Gascon would have a clean record, could use Kaiser for a referral, and could "come back anytime." Because of this agreement, Gascon agreed to resign (Dkt. No. 1 at 8–10).

After resigning, Gascon applied to work at other Kaiser branches. Those branches denied her application, however, and "informed [her] that because [she] was 'terminated' by Kaiser San Francisco, [her] records indicate that [she is] not eligible for rehire." She has also been unable to use Kaiser as a referral. Gascon has attempted to resolve this issue with human resources, but to no avail. In May 2019, she filed charges under Title VII for discrimination and retaliation with the United States Equal Employment Opportunity Commission (EEOC). Gascon alleges Kaiser knew of her health issues, had her "observed" for mental disorders, and ultimately forced her to resign because of her race, her disability, and her questioning of Kaiser procedure (Dkt. No. 1 at 8–10). The EEOC closed the file due to it not being timely brought, but issued her a notice for a private right to sue. Gascon timely filed the instant action, and the undersigned granted her application to proceed in forma pauperis in a separate order (Dkt. Nos. 1, 4).

**ANALYSIS**

Federal courts are required to dismiss a case filed in forma pauperis if the court determines at any time that the action is frivolous, fails to state a claim, or is directed against a defendant who is immune. 28 U.S.C. § 1915(e)(2). Title VII provides that claimants such as Gascon must file a charge of discrimination or retaliation with the EEOC within 180 days of the alleged discriminatory or retaliatory act. 42 U.S.C. § 2000e-5(e). The 180-day limit serves as a judicial statute of limitations as well, generally barring subsequent suit on incidents occurring prior to the 180-day period. *See Zipes v. Trans World Airlines*, 455 U.S. 385, 393 (1982).

In her complaint, Gascon alleges Kaiser engaged in a discriminatory and retaliatory manner toward her, ultimately forcing her to resign in May 2016. These alleged acts, however, fall far outside the statute of limitations. After her resignation, Gascon had 180 days to file charges with the EEOC. Instead, Gascon filed in May 2019, three years after her resignation and approximately 915 days after she needed to file charges with the EEOC by. Thus, Gascon's suit will be time-barred unless her complaint alleges the statute of limitations was tolled. For the reasons set forth below, this order holds the complaint alleges neither equitable estoppel nor equitable tolling.

1. **EQUITABLE ESTOPPEL.**

Although Gascon's complaint does not expressly mention "equitable estoppel," it pleads facts pertaining to the principle and so this order will address it. Equitable estoppel focuses primarily on the actions taken by the defendant in preventing a plaintiff from filing suit. *See Naton v. Bank of California*, 649 F.2d 691, 696 (9th Cir. 1981). A finding of equitable estoppel rests on the consideration of a non-exhaustive list of factors, including (1) the plaintiff's actual and reasonable reliance on the defendant's conduct or representations, and (2) evidence of improper purpose on the part of the defendant, or of the defendant's actual or constructive knowledge of the deceptive nature of its conduct. *Ibid.* Our court of appeals has recognized that "equitable estoppel 'comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, as by promising not to plead the statutes of limitations'" or "when the employer misrepresents or conceals facts necessary to support a discrimination charge." *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176 (9th Cir. 2000) (*quoting Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450–51 (7th Cir. 1990)).

In the instant action, Gascon states that she only agreed to resign after Tran, a Kaiser HR consultant, entered into a verbal agreement with Gascon stating she would have a clean, favorable record, she could use Kaiser as a referral, and she could come back anytime. Gascon relied on this agreement and applied to other Kaiser branches, but was thereafter informed that she was ineligible for rehire. She has also been unable to use Kaiser as a referral. The complaint implies Tran's misrepresentations delayed Gascon from filing a charge with the EEOC.

These alleged misrepresentations, however, are not enough. To start, the possibility of being rehired and the ability to use Kaiser as a referral may have operated as incentives not to file charges against Kaiser, but those possibilities did not mask the underlying discrimination claim Gascon now seeks to bring. Moreover, if a misrepresentation is to equitably estop Kaiser from asserting the statute of limitations, Gascon's reliance on it must have been reasonable. *Naton*, 649 F.2d at 696. Once Gascon discovered she could not use Kaiser as a referral and would not be rehired by Kaiser, however, any continued reliance on those representations

3

became unreasonable. Gascon does not give an exact date for that discovery, but she discusses at length the number of Kaiser branches and other medical groups she applied to after her resignation, all of whom rejected her based on her ineligibility for rehire or lack of referral. She emphasizes that she called and emailed Tran within the first year to resolve these issues, and further notes that if she had not been deemed ineligible for rehire, she "would have gotten a job easily, as within same month of [her] termination." Thus, the complaint indicates Gascon discovered the falsehood of these alleged representations within a year of her resignation. Even if the statute of limitations tolled until a year after her resignation, however, Gascon still waited two years to file her charges with the EEOC — approximately 550 days after the deadline to file. It was unreasonable to continue to rely on those representations for those two years, and that unreasonable reliance cannot be said to have equitably estopped the statute of limitations.

### 2. EQUITABLE TOLLING.

Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of her claim. *See Holmberg v. Armbrecht*, 327 U.S. 392, 397 (1946). If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information she needs. *Santa Maria*, 202 F.3d at 1178.

Gascon believes Kaiser discriminated against her based on her race and disability and retaliated against for engaging in protected activity. Viewing the facts in the light most favorable to Gascon, however, they show that she knew or should have known of the possible existence of these claims as early as the day she was fired. Gascon states in her complaint: "during around *the time of termination*, the management [knew], that I had health issues . . . I believe that the management retaliated against me because, I started questioning my previous fact finding meetings, asking for a written statement for each fact finding meetings . . ." (emphasis added). She further mentions that at some point Kaiser "placed [her] under 'observation' for mental disorders." Based on Gascon's own complaint, then, Gascon knew or reasonably should have known of the possible existence of a discrimination or retaliation claim

4

within the limitations period. She did not need to spend three years confirming Kaiser would not rehire her before bringing this suit.

To summarize, neither equitable estoppel nor equitable tolling saves this complaint from falling far outside the statute of limitations. Because the complaint fails under 42 U.S.C. § 2000e-5(e), it must be dismissed pursuant to 28 U.S.C. § 1915(e)(2).

**CONCLUSION**

Accordingly, plaintiff's complaint is **DISMISSED**.

**IT IS SO ORDERED.**

Dated: November 20, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE